UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

NATIONAL ECONOMIC RESEARCH ASSOCIATES, INC., :

                              Plaintiff,        :    07 Civ 10405 (SAS)

    -against-                                 :

BEACON HILL ASSET MANAGEMENT LLC,    :

                              Defendant.      :

------------------------------------------------------------------x

MEMORANDUM OF LAW OF PLAINTIFF NATIONAL
ECONOMIC RESEARCH ASSOCIATES, INC. IN
<u>SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT</u>

<u>PRELIMINARY STATEMENT</u>

Plaintiff, National Economic Research Associates, Inc. ("NERA"), submits this Memorandum of Law in Support of its Motion for Default Judgment. As set forth in the Complaint in this action, NERA has asserted claims against Beacon Hill Asset Management LLC ("Beacon Hill") for breach of contract, <u>quantum meruit</u>, and account stated. A copy of the Summons and Complaint is annexed as Exhibit B to the accompanying Affidavit of Kathyanne Cohen (the "Cohen Affidavit"), sworn to on January 30, 2008. As set forth in greater detail below, plaintiff is entitled to a judgment, pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York and Federal Rule of Civil Procedure 55, in the amount of $132,376.00, together with interest, attorneys fees and costs against defendant.

<u>FACTS</u>

As set forth in the Summons and Complaint (the "Complaint"), Beacon Hill retained NERA to render expert services on behalf of itself and its principals in connection with a

government investigation, two civil lawsuits, including an enforcement action by the United States Securities and Exchange Commission, and an arbitration. See Cohen Affidavit, ¶ 2 and Exhibit B thereto. These actions concerned allegations that Beacon Hill, a hedge fund manager, had failed to hedge risk as promised, and related claims. See id. As part of the engagement, Beacon Hill agreed to pay NERA its usual hourly fees, plus out-of-pocket expenses, for those expert services. See id. NERA provided the services requested by Beacon Hill and timely provided invoices to Beacon Hill. See id. Beacon Hill never challenged or objected at the time to any of the nineteen invoices it received from NERA. See id. To the contrary, it paid, without objection, the first fifteen invoices submitted by NERA. See id. Beacon Hill, after having authorized and received the benefit of NERA's work, has now refused to pay, despite both promises to pay and due demand, the remaining fees and expenses still owing to NERA which total $132,376.00 with interest. See id. Specifically, NERA, has not received full payment for the final four invoices dated February 7, 2006, March 8, 2006, April 10, 2006, and May 4, 2006, which amount unpaid, total, respectively, $15,841.64, $104,424.64, $6,625.82, and $5,483.90, for a total unpaid balance of $132,376.00. See id., ¶ 3. The reasonable intermediate date that the causes of action sought herein existed was April15, 2006. See id., ¶ 4.

This Court has both subject matter jurisdiction and personal jurisdiction over the defendant. See id., ¶ 5. The defendant is a corporation not a person and is therefore not an infant or an incompetent. See id., ¶ 6. This action was commenced on November 16, 2007 by filing the Summons and Complaint. See id., ¶ 7. Personal service was attempted three times on Beacon Hill at its last known business address. See id., ¶ 8 and Exhibit C thereto. Soon thereafter, counsel for NERA determined that Beacon Hill, which was incorporated under the

2

laws of Delaware on January 17, 1997, received the "status" of "Cancelled-Voided" on June 1, 2005 by the State of Delaware. See id., ¶ 9 and Exhibit D thereto. NERA has been unable to locate any officers or directors of Beacon Hill who reside in Delaware or have a dwelling house or usual place of abode in Delaware. See id., ¶ 10. NERA has likewise been unable to locate a Beacon Hill office located in Delaware. See id. Accordingly, on December 5, 2007, NERA had the Summons and Complaint personally served on the Delaware Secretary of State. See id., ¶ 11 and Exhibit E thereto. On December 26, 2007, Beacon Hill therefore defaulted in this action by failing to serve plaintiff with an answer or otherwise respond to the Complaint. See id., ¶ 12. At this Court's Initial Pretrial Conference, held on January 9, 2008, defendant made no appearance, and counsel for NERA informed the Court that plaintiff intended to move for default judgment. See id., ¶ 13. The Court ordered that such motion be made by January 31, 2008. See id.

On January 22, 2007, the Clerk of this Court signed the Certificate of Default. See id., ¶ 14 and Exhibit F thereto. This action seeks damages in the amount of $132,376.00, plus interest at 9 % from April 15, 2006, and reasonable attorney fees in the amount of $2,000.00 plus costs and disbursements in the amount of $1,005.13, which is justly due and owing, and no part of which has been paid except as therein set forth. See id., ¶¶ 15-16.

## ARGUMENT

### PLAINTIFF IS ENTITLED TO A JUDGMENT AGAINST DEFENDANT OF $132,376.00 PLUS INTEREST, ATTORNEYS' FEES AND COSTS

Beacon Hill is liable under its contract with NERA for the outstanding fees and expenses which total $132,376.00, plus interest. NERA moves this Court for a default judgment

3

pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York and Federal Rule of Civil Procedure 55 because Beacon Hill has failed to answer or otherwise respond to the Complaint filed in this action which was properly served on Beacon Hill, a now cancelled-voided Delaware corporation, through the Delaware Secretary of State on December 5, 2007.

A.      **Service Was Properly Effectuated**

Service on the Delaware Secretary of State is permitted by the Federal Rules and the Delaware Code. Specifically, Federal Rule of Civil Procedure 4(h), which governs "Serving a Corporation," provides that service may be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) provides, in turn, that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or <u>where service is made</u>." (Emphasis added).

The Delaware Code allows for service on the Secretary of State when other means of service are not available. Specifically, Section 321 of Title 8 of the Delaware Code, entitled "Service of process on corporations" provides in pertinent part:

> (a) Service of legal process upon any corporation of this State shall be made by delivering a copy personally to any officer or director of the corporation in this State, or the registered agent of the corporation in this State, or by leaving it at the dwelling house or usual place of abode in this State of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in this State. . . .
>
> (b) In case the officer whose duty it is to serve legal process cannot by due diligence serve the process in any manner

4

provided for by subsection (a) of this section, <u>it shall be lawful to serve the process against the corporation upon the Secretary of State</u>, and such service shall be as effectual for all intents and purposes as if made in any of the ways provided for in subsection (a) hereof.

(Emphasis added). The methods of service outlined in subsection (a) were not available because plaintiff was unable to locate any officers or directors of Beacon Hill that reside in Delaware, have a dwelling house in Delaware or have a usual place of abode in Delaware. See Cohen Affidavit, ¶ 10. In addition, Beacon Hill's registered agent is no longer accepting service for Beacon Hill. See id., ¶ 9. Nor was plaintiff able to locate a Beacon Hill office in Delaware. See id., ¶ 10. As such, NERA had Beacon Hill served through the Delaware Secretary of State. See id., ¶ 11.

The fact that Beacon Hill has a status of "Cancelled-Voided" does not prevent service through the Delaware Secretary of State. Rather, under Delaware law, the Secretary of State may accept service on behalf of dissolved Delaware corporations. See Ross v. Venezuelan-American Indep. Oil Producers, 230 F. Supp. 701, 702 (D.C. Del. 1964) (permitting service for dissolved Delaware corporation on Secretary of State where corporation was dissolved more than four years before complaint was filed); International Pulp Equipment Co. v. St. Regis Kraft Co., 54 F.Supp. 745, 749 (D.C. Del. 1944) ("The Secretary of State's capacity to accept service on behalf of a dissolved corporation is one of the conditions upon which a Delaware corporation pursues its right to do business under a Delaware charter. . . . Since the Delaware courts would have to recognize the validity of service on the Secretary of State for a dissolved corporation, the Rules of Federal Procedure would make such service good here.").

The Delaware Code further provides that Delaware corporations are continued for three years from the date of dissolution. Specifically, Section 278 of Title 8 of the Delaware Code provides in pertinent part:

> <u>All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution</u> or for such longer period as the Court of Chancery shall in its discretion direct, <u>bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them</u>, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized.

(Emphasis added). As stated herein and in the accompanying Cohen Affidavit, Beacon Hill has not yet been dissolved as its current status is "Cancelled-Voided." <u>See</u> Cohen Affidavit, ¶ 9. Beacon Hill received its current status on June 1, 2005, less than three years before this action was filed on November 16, 2007. <u>See id.</u>, ¶¶ 7, 9.

Therefore, under Delaware law, the Delaware Secretary of State may accept service of the Summons and Complaint herein on behalf of Beacon Hill. Accordingly, Beacon Hill was properly served on December 5, 2007, and NERA is entitled to default judgment due to Beacon Hill's failure to answer or otherwise respond to the Complaint.

**B.    NERA Is Entitled To $132,376.00
       Plus Interest, Attorneys' Fees And Costs**

As set forth above and in the accompanying Cohen affidavit, Beacon Hill failed to pay NERA $132,376.00. <u>See id.</u>, ¶ 2. Because this is a diversity action, state law determines the availability of prejudgment interest. <u>See, e.g.</u>, <u>Brassco, Inc. v. Klipo</u>, No. 99 Civ. 3014(PAC),

2006 WL 223154, at *20 (S.D.N.Y. Jan. 27, 2006). Under New York law, "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). New York law also mandates a nine percent statutory rate of interest. N.Y. C.P.L.R. § 5004 ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."). Here, because multiple bills have been unpaid, interest should be determined from "a single reasonable intermediate date" at nine percent interest. The reasonable intermediate date that the causes of action sought herein existed was April 15, 2006. See Cohen Affidavit, ¶ 4. In addition, NERA has spent more than $ 2,000.00 in attorney fees and $1,005.13 in costs. See id., ¶ 15.

Accordingly, NERA seeks damages in the amount of $132,376.00, plus interest at 9 % from April 15, 2006, and reasonable attorney fees in the amount of $ 2,000.00 plus costs and disbursements in the amount of $1,005.13.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in the accompanying Cohen Affidavit, plaintiff respectfully requests that judgment be entered against defendant substantially in the form annexed as Exhibit A to the Cohen Affidavit.

Dated: New York, New York
      January 30, 2008

                       Respectfully submitted,

                       KAPLAN, THOMASHOWER & LANDAU LLP

                       By: _____
                          Jonathan P. Wolfert (JW-9899)
                          Kathyanne Cohen (KC-1710)

                       26 Broadway, 20th Floor
                     New York, New York 10004
                     (212) 593-1700

                     Attorneys for Plaintiff
                        National Economic Research Associates, Inc.